ORIGINAL

FILED

Russell J. Singer

PO Box 485

Laguna Beach, California 92652

Telephone: (949) 280-4336

Email: russell@adobejudgmentcollections.com

Assignee/Judgment Creditor, In Pro Per

2026 APR -9  PM 3: 29

CENTRAL DIST. OF
LOS ANGELES

BY: ____ JJT _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LENARD E. SCHWARTZER, in his capacity as CHAPTER 7 TRUSTEE,

Plaintiff,

Vs.

BRYAN CENTOLA AND OOMPH MODE, INC.

Defendants.

) Case No.: 2:22-cv-09186-PSG-MARx
) Assigned to Hon. Philip S. Gutierrez
) NOTICE OF MOTION AND
) MOTION (SUBMITTED
) PURSUANT TO L.R. 7-15)
) FOR ORDER SUBSTITUTING
) RUSSELL J. SINGER AS
) ASSIGNEE OF JUDGMENT
) PURSUANT TO FRCP 25(c)
)

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Russell J. Singer ("Singer") hereby moves this Court, pursuant to Federal Rule of Civil Procedure 25(c), for an order substituting him as the assignee of the judgments and successor in interest for purposes of post-judgment enforcement. In the alternative, Singer requests that the Court recognize him as the real party in interest under FRCP 17(a) with authority to enforce the judgments in his own name. This motion is submitted on the papers without oral argument pursuant to Local Rule 7-15.

NOTICE OF MOTION AND MOTION FOR ORDER SUBSTITUTING ASSIGNEE - Page 1

On December 22, 2025, Lenard E. Schwartzer, in his capacity as duly appointed Chapter 7 Trustee in In re Welscorp, Inc., et al., Case No. BK-S-19-18056-ABL (U.S. Bankruptcy Court, District of Nevada), executed an absolute Assignment of Judgments transferring all "right, title and interest" in the judgments entered against BRYAN CENTOLA in the amount of $20,000.00 and against OOMPH MODE, INC. in the amount of $35,405.98 to Singer.

This Motion is made pursuant to FRCP 25(c), the accompanying Memorandum of Points and Authorities, the Declaration of Russell J. Singer, the exhibits attached thereto, and all pleadings and records on file in this action. Pursuant to Local Rule 7-15, the Court may decide this motion without oral argument.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This motion is brought pursuant to Federal Rule of Civil Procedure 25(c) to substitute Russell J. Singer ("Singer") as the assignee of the judgments and successor in interest, in place of Lenard E. Schwartzer, Chapter 7 Trustee, for all purposes of post-judgment enforcement. On December 22, 2025, Schwartzer, acting within his statutory authority under 11 U.S.C. § 704(a), executed a valid and absolute assignment of the judgments against Bryan Centola and Oomph Mode, Inc. to Singer.

The underlying judgments are final. This motion does not seek to reopen or modify the judgments on the merits, but solely to formally substitute the current judgment holder so that enforcement proceedings ó including issuance of writs of execution, abstracts of judgment, and supplemental proceedings ó may proceed in Singer's name.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 25(c) provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Post-judgment enforcement proceedings constitute a continuation of the underlying action for Rule 25(c) purposes.

See *Hilbrands v. Far East Trading Co.*, 509 F.2d 1321, 1324 (9th Cir. 1975); *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000).

Even where a court views the underlying action as closed, substitution under Rule 25(c) is appropriate because post-judgment enforcement is a continuation of the original action and the assignee stands in the shoes of the original judgment creditor. In the alternative, FRCP 17(a) independently authorizes Singer to enforce the judgments as the real party in interest without formal substitution.

Additionally, as the sole holder of all rights in the judgments, Singer is the real party in interest under FRCP 17(a). Recognition of Singer's enforcement authority under either rule achieves the same practical result.

## III. ARGUMENT

### A. A Valid and Absolute Transfer of Interest Occurred.

Singer acquired all "right, title and interest" in the judgments against Bryan Centola ($20,000.00) and Oomph Mode, Inc. ($35,405.98) via an absolute, unconditional assignment executed December 22, 2025 by Schwartzer as Trustee.

**B. Substitution Is Necessary to Enable Concrete Enforcement Relief.**

Without formal substitution, Singer cannot obtain writs of execution, abstracts of judgment, or conduct debtor examinations in his own name within this District. The original judgment creditor õ the Chapter 7 Trustee õ has been discharged of further enforcement duties upon assignment. Substitution is therefore not merely procedural convenience; it is the practical prerequisite to any enforcement action. Substitution does not alter the substantive rights of Defendants.

**C. Alternative Relief: Recognition as Real Party in Interest.**

Should the Court decline to order formal substitution under Rule 25(c), Singer requests in the alternative that the Court recognize him as the real party in interest under FRCP 17(a) with full authority to pursue post-judgment enforcement in his own name, including issuance of writs, abstracts, and supplemental proceedings. Either form of relief accomplishes the same practical objective.

**IV. CONCLUSION**

Because a valid and absolute transfer has occurred, Singer respectfully requests substitution as assignee of the judgments, or recognition as real party in interest with authority to enforce the judgments.

DATED: March 16, 2026

_Russell J. Singer_

Russell J. Singer

*Assignee/Judgment Creditor, In Pro Per*

# DECLARATION OF RUSSELL J. SINGER

I, Russell J. Singer, declare:

1. I am the Movant in this matter. I have personal knowledge of the facts stated herein.

2. Attached as Exhibit A is a true and correct copy of the Judgments entered against Bryan Centola and Oomph Mode, Inc. in the above-captioned action (Case No. 2:22-cv-09186-PSG-MARx). The judgments were originally issued in the United States Bankruptcy Court for the District of Nevada.

3. Attached as Exhibit B is a true and correct copy of the Assignment of Judgment executed by Lenard E. Schwartzer, Chapter 7 Trustee, transferring all rights, title, and interest in said judgments to me.

4. As a result of the assignment described in Exhibit B, I am currently the sole holder of all rights to enforce, collect upon, and execute on the judgments described in Exhibit A. No other person or entity holds any right, title, or interest in said judgments.

5. On the face of the assignment document, the transfer is absolute and unconditional. I am not aware of any court order in the bankruptcy case specifically restricting or conditioning the Trustee's authority to assign these particular judgments.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 16th day of March 2026, at Laguna Beach, California.

Russell J. Singer

*Assignee/Judgment Creditor, In Pro Per*

**EXHIBIT A**

Judgments Against Bryan Centola and Oomph Mode, Inc.

Case No. 2:22-cv-09186-PSG-MARx

AO 451 (Rev. 12/12)  Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
### for the
### District of Nevada

| | | |
|---|---|---|
| Lenard E. Schwartzer, Chapter 7 Trustee | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. BK-S-21-01226-ABL |
| Bryan Centola | ) | |
| *Defendant* | ) | |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)* **3/24/22** .

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date: **1/23/26**

CLERK OF COURT

_Signature of Clerk or Deputy Clerk_

Honorable August B. Landis
United States Bankruptcy Judge

Entered on Docket
March 24, 2022

I certify that this is a true copy.

Attest: _____

Deputy Clerk, Bankruptcy Court

Joseph E. Sarachek, (NY Bar No. 2163228) *pro hac vice*
Zachary E. Mazur, (NY Bar No. 5706726) *pro hac vice*
Sarachek Law Firm
670 White Plains Road #PH
Scarsdale, New York 10583
joe@saracheklawfirm.com, (646) 517-5420
zachary@saracheklawfirm.com (646) 519-4396
*Special Litigation Counsel for Lenard E. Schwartzer, Trustee*

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>WELSCORP, INC.<br><br>                                    Debtor.<br><br>☐ Affects Einstein Sports Advisory Ltd.<br>☐ Affects QSA LLC<br>☐ Affects Wellington Sports Club, LLC<br>☐ Affects Welscorp, Inc.<br>☒ Affects All Debtors | Case No. BK-S-19-18056-ABL (Lead Case)<br><br>Consolidated under BK-S-19-18056-ABL with:<br><br>Case No. BK-S-20-11597-ABL<br>Case No. BK-S-20-11211-ABL<br>Case No. BK-S-20-11215-ABL<br><br>Chapter 7 |
| LENARD E. SCHWARTZER, in his capacity<br>as CHAPTER 7 TRUSTEE<br><br>                  Plaintiff,<br><br>        vs.<br><br>BRYAN CENTOLA AND OOMPH MODE,<br>INC.<br><br>               Defendants. | ADVERSARY PROCEEDING<br><br>Case No. BK-S-21-01226-ABL |

## JUDGMENT BY DEFAULT AGAINST DEFENDANTS BRYAN CENTOLA AND OOMPH MODE, INC.

1

Based on the Chapter 7 Trustee Lenard E. Schwartzer's Motion for Default Judgment Against Bryan Centola and Oomph Mode, Inc. (the "Motion for Default Judgment"), the Affidavit of Marc B. Ross in Support of the Motion, the hearing held on March 22, 2022 (appearances noted on the record), the Court having stated on the record its findings of fact and conclusions of law, which are incorporated herein pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7052, and Federal Rule of Civil Procedure 52, with good cause having been shown,

IT IS HEREBY ORDERED that the Motion for Default Judgment is granted in its entirety;

IT IS FURTHER ORDERED that the Plaintiff Lenard E. Schwartzer, in his capacity as Chapter 7 Trustee in the above-captioned bankruptcy case, shall recover from Defendant Bryan Centola the amount of twenty thousand dollars ($20,000.00).

IT IS FURTHER ORDERED that the Plaintiff Lenard E. Schwartzer, in his capacity as Chapter 7 Trustee in the above-captioned bankruptcy case, shall recover from Defendant Oomph Mode, Inc. the amount of thirty-five thousand four hundred five dollars and ninety-eight cents ($35,405.98).

IT IS FURTHER ORDERED that the Trustee is authorized to record this judgment and take any necessary actions to recover on it.

IT IS FURTHER DETERMINED that this judgment is for the recovery of money that was obtained by Defendants using false pretenses, false representations, or actual fraud for purposes of 11 U.S. Code § 523(a)(2).

###

Submitted by:

*/s/ Zachary E. Mazur*
Joseph E. Sarachek, (NY Bar No. 2163228) *pro hac vice*
Zachary E. Mazur, (NY Bar No. 5706726) *pro hac vice*
Sarachek Law Firm
670 White Plains Road #PH
Scarsdale, New York 10583
*Special Litigation Counsel for*
*Lenard E. Schwartzer, Trustee*

2

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐  The Court has waived the requirement of approval in LR 9021(b)(1).

■  No party appeared at the hearing or filed an objection to the Motion.

☐  I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐  I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

3



**EXHIBIT B**

Assignment of Judgment

Executed December 22, 2025 by Lenard E. Schwartzer, Chapter 7 Trustee

## ASSIGNMENT OF JUDGMENTS

KNOW ALL PERSONS BY THESE PRESENTS:

**LENARD E. SCHWARTZER, IN HIS CAPACITY AS CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE ("ESTATE") OF WELSCORP, INC. AND ITS RELATED ENTITIES,** having a business address at Marbeya Executive Offices Suite B200-107, 6655 W. Sahara Avenue, Las Vegas, Nevada 89146 (the **"TRUSTEE" OR "ASSIGNOR"**), and pursuant to that certain Asset Purchase Agreement, dated as of December __, 2025 ("APA") (the "Assignment Date"), with and between assignee **RUSSELL J. SINGER,** an individual having an address of PO Box 485, 204 Laguna Beach, California, 92652 (**"ASSIGNEE"**), for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, does by these presents assign to Assignee, AS IS, WHERE IS, AND WITHOUT RECOURSE AND WITHOUT REPRESENTATION OR WARRANTY OF ANY KIND, all of Assignor's right, title and interest in and to: i) the judgments set forth in **Exhibit A** appended hereto (the "Judgments"); (ii) the money due and to become due thereon, along with the post-judgment interest; and iii) and all liens and ancillary rights securing the same, TO HAVE AND TO HOLD the same unto the said Assignee forever.

The Assignor further states that: I) each of the Judgments was entered in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court") in the respective adversary proceeding as identified in Exhibit A; ii) the Assignor is the original judgment creditor for each of the Judgments; iii) the last known address of each of the respective judgment debtors is the address where the service of summons was executed, as reflected on the court docket.

IN WITNESS WHEREOF, the undersigned has duly executed and delivered this Assignment of Judgment to be duly executed and delivered by its authorized representative as of the date first set forth above.

DATED: 12/22/2025

LENARD E. SCHWARTZER, IN HIS
CAPACITY AS CHAPTER 7 TRUSTEE,
*Assignor*

By: _____
Lenard E. Schwartzer, Chapter 7 Trustee

STATE OF NEVADA    )
                                      ) ss:
COUNTY OF Clark    )

On the 22 day of December, 2025, before me personally came Lenard E. Schwartzer, known to me, who executed the foregoing instrument, and acknowledged that he executed the same.

_____
Notary Public

SUZANNE JORDAN
Notary Public, State of Nevada
Appointment No. 22-3153-01
My Appt. Expires Jul 31, 2026

## EXHIBIT A

### JUDGMENTS

| Debtor Name | Case Number | Judgment Amount | Collected | Remaining |
|---|---|---|---|---|
| Alan Gruskoff | BK-S-21-01008-ABL | $216,000.00 | | $216,000.00 |
| Gene Rodriguez | BK-S-21-01173-ABL | $641,002.05 | | $641,002.05 |
| Phil Mannoni | BK-S-21-01177-ABL | $148,326.99 | $4,830.76 | $143,496.23 |
| Brian Mogensen | BK-S-21-01179-ABL | $402,293.26 | | $402,293.26 |
| Mogensen Steel Erectors | BK-S-21-01179-ABL | $181,142.14 | | $181,142.14 |
| Francesca Horbay | BK-S-21-01189-ABL | $127,943.47 | | $127,943.47 |
| Peter Wittig | BK-S-21-01192-ABL | $72,180.66 | | $72,180.66 |
| Oomph Mode, Inc. (Bryan Centola) | BK-S-21-01226-ABL | $35,405.98 | | $35,405.98 |
| Dianne Hutchings | BK-S-21-01198-ABL | $119,988.23 | | $119,988.23 |
| Greg Yoon | BK-S-21-01203-ABL | $10,577.44 | | $10,577.44 |
| Louis Oliver | BK-S-21-01187-ABL | $87,500.00 | | $87,500.00 |
| Deena Zymkowitz, Inc. | BK-S-21-01201-ABL | $80,000.00 | $262.92 | $79,737.08 |
| Danyelle Ramirez | BK-S-21-01200-ABL | $54,986.08 | $44.00 | $54,942.08 |
| Kenneth Bankston | BK-S-21-01186-ABL | $98,645.35 | $2,577.00 | $96,068.35 |
| Paul Shaver | BK-S-21-01209-ABL | $47,500.00 | $1,750.00 | $45,750.00 |
| Kenneth Bocker | BK-S-21-01205-ABL | $30,000.00 | | $30,000.00 |
| Travis Bieberitz | BK-S-21-01211-ABL | $35,983.09 | | $35,983.09 |
| Patrick Esposito | BK-S-21-01215-ABL | $32,000.00 | | $32,000.00 |
| Adam Hutchings | BK-S-21-01196-ABL | $25,000.00 | | $25,000.00 |
| Karl Thomsen | BK-S-21-01222-ABL | $18,868.52 | $4,341.85 | $14,526.67 |
| Caley McKelvy | BK-S-21-01181-ABL | $67,379.02 | | $67,379.02 |
| Run Vegas Partners, LLC | BK-S-21-01185-ABL | $47,602.85 | | $47,602.85 |
| Derek Powell | BK-S-21-01180-ABL | $119,988.23 | | $119,988.23 |
| Musalih El-Amin | BK-S-21-01199-ABL | $25,000.00 | | $25,000.00 |
| Crown Media Services | BK-S-21-01199-ABL | $30,629.00 | | $30,629.00 |
| Clyde E. Austin | BK-S-21-01169-ABL | $397,800.00 | | $397,800.00 |
| Patricia Austin | BK-S-21-01169-ABL | $555,400.00 | | $555,400.00 |
| Kathleen Shelton | BK-S-21-01204-ABL | $120,718.34 | | $120,718.34 |
| Steven Lore | BK-S-21-01175-ABL | $227,565.16 | | $227,565.16 |
| William Castaldi | BK-S-20-01168-ABL | $879,500.00 | | $879,500.00 |
| Karin Castaldi | BK-S-20-01168-ABL | $45,000.00 | | $45,000.00 |
| Greg Fowler | BK-S-21-01174-ABL | $96,342.72 | | $96,342.72 |

### ABSTRACT OF JUDGMENT RECORDINGS - DIANNE HUTCHINGS

The following Abstracts of Judgment have been recorded against Judgment Debtor Dianne Hutchings:

| County | Recording Date | Document No. | Case Number | Amount |
|---|---|---|---|---|
| San Bernardino | 03/16/2023 | 2023-0062417 | 2-22-CV-09142-PSG | $119,988.23 |
| Los Angeles | 04/24/2023 | 20130362469 | 2-22-CV-09142-PSG | $119,988.23 |
| Los Angeles | 01/23/2024 | 20240050126 | 2-22-CV-09142-PSG | $119,988.23 |
| Riverside | 01/23/2024 | 2024-0020613 | 2-22-CV-09142-PSG | $119,988.23 |
| Riverside | 01/23/2024 | 2024-0020614 | 2-22-CV-09142-PSG | $119,988.23 |

**Defendant Address:** 16153 Evansdale Way, Victorville, CA 92395

**Judgment Creditor:** Schwartzer, Lenard E. (Chapter 7 Trustee)

*Note: The Los Angeles County recording dated 04/24/2023 (Inst. No. 20230262469) is the primary abstract for enforcement against property located at 471 Canyon Vista Drive, Los Angeles, CA 90065.*

## ABSTRACT OF JUDGMENT RECORDINGS - DAMIANO BRYAN CENTOLA

The following Abstract of Judgment has been recorded against Judgment Debtor Damiano Bryan Centola:

| County | Recording Date | Document No. | Case Number | Amount |
|---|---|---|---|---|
| Los Angeles | 02/03/2023 | Filed with Court (Doc 11) | 2:22-cv-09186-PSG-MARx | $20,000.00 |

Defendant Address: 471 Canyon Vista Dr., Los Angeles, CA 90065
Judgment Creditor: Schwartzer, Lenard E. (Chapter 7 Trustee)
Judgment Date: October 26, 2022
SSN (last 4): 8472

## ABSTRACT OF JUDGMENT RECORDINGS - DANYELLE RAMIREZ

The following Abstract of Judgment has been recorded against Judgment Debtor Danyelle Ramirez:

| County | Recording Date | Document No. | Case Number | Amount |
|---|---|---|---|---|
| Los Angeles | 02/03/2023 | Filed with Court (Doc 12) | 2:22-cv-9278-PSG-MAR | $54,986.08 |

Defendant Address: 1303 Valiant Street, Lancaster, CA 93534
Judgment Creditor: Schwartzer, Lenard E. (Chapter 7 Trustee)
Judgment Date: October 26, 2022
SSN (last 4): 7598